[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 597
The plaintiff, whose maiden name was Sharon C. Podvarney, and the defendant intermarried on September 25, 1971, in East Lyme, Connecticut. The plaintiff has resided continuously within this state for more than one year next before the date of this action. The marriage has broken down irretrievably.
There is one minor child issue of the marriage. Frank J. Cirioni, born May 16, 1977, who is not residing with the parties. The court will make no orders as to custody and support of the minor child, but will retain jurisdiction so that orders may be made in the future.
During the course of this 22 year marriage the plaintiff has been the primary caretaker of the two children born of the marriage. She has worked to help support the family and is starting part-time employment at $160.00 per week.
The defendant has worked at numerous jobs to support the family, but is unemployed at the present time and is receiving $337.00 per week unemployment compensation. The defendant also receives a pension of $135.02 per week attributable to disability incurred when he was employed as a policeman.
The parties own three parcels of real estate, as follows:
 1. 174 Oil Mill Road, Waterford. This property is the family residence owned jointly by the parties.
 2. 180 Oil Mill Road, Waterford. This property was formerly the residence of the plaintiff's mother who gave the property to the plaintiff and her two siblings. The plaintiff purchased the siblings' interest in the property. The property is owned solely by the plaintiff.
 3. 777 Broad Street, Waterford. This property is being remodeled by the defendant who intends to live in it with the parties' children. The property is owned solely by the defendant.
The equity in 174 Oil Mill Road and 777 Broad Street are substantially similar. CT Page 598
The principal cause of the breakdown of the marriage was several affairs engaged in by the defendant. The defendant told the plaintiff of the affairs and said he no longer loved her.
Based upon the evidence presented and in light of the criteria set forth in Connecticut General Statutes 46b-81 and46b-82, the court makes the following orders:
1. The marriage is dissolved.
 2. The unallocated order of alimony and support in the amount of $350.00 per week is modified to alimony in the amount of $130.00 per week retroactive to September 13, 1993. Any arrearage shall be paid at the rate of $20.00 per week.
 3. The defendant shall pay to the plaintiff alimony of $50.00 per week for a term of fifteen years, the amount of alimony may be modified, but the term may not be modified.
 4. The defendant shall pay to the plaintiff one-half of the present balance of his 401K plan and one-half of the cash value of any life insurance owned by the defendant.
 5. The plaintiff shall have sole ownership of the real estate located at 174 Oil Mill Road, Waterford, Connecticut and the real estate located at 180 Mill Road Waterford, Connecticut. The plaintiff shall hold the defendant harmless and indemnify the defendant from and against any mortgages, taxes or other liabilities in connection with the ownership of such real estate.
 6. The defendant shall have sole ownership of the real estate located at 777 Broad Street, Waterford, Connecticut. The defendant shall hold the plaintiff harmless and indemnify the plaintiff from and against any mortgages, taxes or other liabilities in connection with the ownership of such real estate.
CT Page 599
 7. Each party shall have sole ownership and possession of the automobiles and personal property in such party's possession.
 8. The parties shall execute all documents necessary to effectuate the above orders.
Hendel, J.